IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOSCH, | No. C 04-3837 SBA |
| Plaintiff. | |
| v. | **ORDER** |
| FIRST FINANCIAL INSURANCE COMPANY, | [Docket No. 41] |
| Defendant. | |

On September 13, 2004, Defendant First Financial Insurance Company filed a Notice of Removal, thereby removing the above-captioned case from San Francisco Superior Court to federal court. On January 11, 2005, after the parties declined to proceed before a Magistrate Judge, the case was reassigned to this Court.

On April 18, 2005, the parties submitted a Case Management Conference statement. In the statement, both parties agreed that a dispositive motion was necessary. The parties further stated that they would be prepared to file a dispositive motion by September 2005, at the latest, and would have completed the discovery pertinent to that motion by that time.

On April 29, 2005, the Court held the initial Case Management Conference. Based on the parties' representations, the Court set a discovery cut-off deadline of January 31, 2006 and a motion cut off-deadline of April 11, 2006. In the Order for Pretrial Preparation ("Pretrial Order"), the parties were explicitly warned that any dispositive motions were to be *heard* before April 11, 2006 and were advised *not* to wait until 35 days prior to the law and motion cut-off date to file and serve their motions. Additionally, as set for in the Pretrial Order, the Pretrial Conference was scheduled for May 23, 2006 and trial was scheduled to commence on June 5, 2006.

Between the time the Pretrial Order was filed and March 29, 2006, no dispositive motions were

filed. Instead, on March 29, 2006, *less than two weeks before the motion cut-off deadline*, the parties filed cross-motions for summary judgment. On March 30, 2006, the parties filed the instant Joint Stipulated Ex Parte Request Regarding Filing of Dispositive Cross Motions, Scheduling Order and Trial Date ("Stipulation") [Docket No. 41]. In the parties' Stipulation, the parties request that the Court permit their cross-motions to be heard on May 2, 2006, three weeks after the motion cut-off deadline. The parties also state that they will not be ready to proceed to trial on June 5, 2006 because they have neglected to conduct any discovery regarding damages in the hopes that the case will be resolved on summary judgment. The parties therefore request that the Court vacate the Pretrial Conference, the trial date, and the corresponding pretrial deadlines.

Having read and considered the parties' Stipulation, the Court finds that the parties have not demonstrated good cause for vacating the Pretrial Conference or trial date. This Court relied on the parties' representations regarding their availability when it scheduled the trial to commence on June 5, 2006. Instead of governing themselves in the manner necessary to comply with the Court's Pretrial Order, or promptly informing the Court that they were no longer able to meet the deadlines set forth therein, the parties waited until the last minute to file their dispositive motions. Indeed, the instant ex parte request appears to have been filed as a mere afterthought.

As the parties are undoubtedly aware, the parties' subjective belief that the Court may resolve this case on summary judgment is irrelevant; it is for the Court to make this determination, and the Court is unable to make this determination until the matter has been fully briefed and submitted to the Court. Thus, not only is the current predicament that the parties find themselves in entirely their own fault, but it strongly suggests to the Court that the parties have little regard for this Court's explicit directives. Nevertheless, in the interests of judicial economy, the Court will consider the cross-motions for summary judgment. Further, in order to facilitate a timely resolution of this case, the Court will grant the parties a brief extension of the discovery deadline so that the necessary discovery can be completed. However, the Court hereby advises the parties that it does not appreciate, or condone, the parties' attempt to circumvent the Court's Pretrial Order in this manner. The Court also reminds the parties that it fully expects the parties to be in the position to commence trial on June 5, 2006. The Court is not inclined to grant any further continuances.

Accordingly,

IT IS HEREBY ORDERED THAT the parties' Joint Stipulated Ex Parte Request Regarding Filing of Dispositive Cross Motions, Scheduling Order and Trial Date [Docket No. 41] is GRANTED IN PART AND DENIED IN PART. The Court will permit Defendant's Motion for Summary Judgment [Docket No. 29] and Plaintiff's Motion for Summary Judgment [Docket No. 37] to be heard on May 2, 2006. The Court may, in its discretion, adjudicate the Motions without a hearing, in which case the Court will notify the parties that no appearance is necessary.

IT IS FURTHER ORDERED THAT the discovery cut-off deadline is extended to May 5, 2006. The parties may conduct discovery relating to damages only. All depositions must be noticed such that the deposition is concluded on or before May 5, 2006. Additionally, each party is permitted to serve the following additional written discovery: (1) no more than ten additional requests for admission; (2) no more than ten additional requests for production of documents; (3) no more than ten additional interrogatories. The time for responding to the requests for admission, interrogatories, and requests for production of documents shall be shortened from thirty to ten (10) days. The parties are responsible for scheduling discovery such that any motions necessary to resolve the parties' discovery disputes are heard on or before May 5, 2006. The parties are hereby reminded that this Court is **NOT** inclined to grant any further continuances.

IT IS FURTHER ORDERED THAT the parties' request to vacate the Pretrial Conference and trial date is DENIED. Except as expressly set forth herein, all deadlines set forth in the Pretrial Order shall remain in effect.

IT IS SO ORDERED.

Dated: 4/5/06

SAUNDRA BROWN ARMSTRONG
United States District Judge